UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
DEBBIE ZAGAJA,

        Plaintiff,

               – against –

VILLAGE OF FREEPORT, et al.,

        Defendants.

----------------------------------X

ORDER
10-CV-3660 (JFB)(SIL)
15-CV-1017 (JFB)(SIL)

JOSEPH F. BIANCO, Circuit Judge (sitting by designation):

Plaintiff Debbie Zagaja brought this now-consolidated action for alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"); the New York State Human Rights Law, N.Y. Exec. Law § 290; and 42 U.S.C. §§ 1981, 1983. On September 29, 2017, before plaintiff's cases, Case No. 10-cv-3660[1] ("*Zagaja I*") and Case No. 15-cv-1017 ("*Zagaja II*"), were consolidated,[2] defendants the Village of Freeport and Miguel Bermudez jointly moved for summary judgment in *Zagaja II*. In a September 28, 2018 oral ruling ("the September 28 ruling"), the Court partially granted the motion and stated its intention to issue a written Order memorializing the ruling. This is that Order.

A. Background

The Court assumes familiarity with the procedural and factual background of *Zagaja I* and *Zagaja II* and summarizes only the background relevant to this Order.

Although the operative complaint in *Zagaja I* was filed in 2012[3] and the complaint in

---

[1] Unless otherwise indicated, docket citations refer to Case No. 10-cv-3660.

[2] *Zagaja I* and *Zagaja II* were consolidated by stipulation of the parties on November 1, 2018. (ECF No. 135.)

[3] Plaintiff filed the original complaint in *Zagaja I* on August 11, 2010 and an amended complaint on August 21, 2012.

*Zagaja II* was filed in 2015, plaintiff alleged in both cases that she suffered gender, race, and color discrimination stemming from harassment and a hostile work environment. She also claimed in both cases that the defendants[4] retaliated against her in response to her protected activities. The factual allegations supporting these claims overlapped substantially between the cases. For instance, in both cases, plaintiff alleged that defendants wrongfully demoted her and failed to promote her to a command staff position. The complaints differed, however, in that the complaint in *Zagaja II* contained factual allegations about defendants' failure to pay plaintiff overtime or to provide her with an "exit package."

Before the September 28 ruling, the Court had already dismissed some claims in *Zagaja I* and *Zagaja II*. With respect to *Zagaja I*, in a November 20, 2012 Memorandum and Order, the Court dismissed plaintiff's hostile work environment claim. (ECF No. 67.) The Court also dismissed plaintiff's gender discrimination claim to the extent that claim was based on defendants' alleged failure to provide a female superior officers' locker room. (*Id.*) In a June 3, 2015 Memorandum and Order, the Court dismissed plaintiff's discrimination claims relating to her demotion from Deputy Chief and the failure to promote her to Assistant Chief of Police because, on the facts of the case, those positions are policymaking positions not covered by Title VII. (ECF No. 117.) The Court concluded that plaintiff's retaliation-based claims and her discrimination claim based on the failure to promote her to Chief of Police should proceed to trial. (*Id.*)

As for *Zagaja II*, in a March 29, 2016 oral ruling, the Court dismissed several claims in that case. (ECF No. 134 at 16-30.) Specifically, the Court dismissed (1) all race-based discrimination and retaliation claims as redundant of those claims in *Zagaja I*; (2) all

---

[4] Plaintiff named the Village of Freeport and Andrew Hardwick as defendants in both *Zagaja I* and *Zagaja II*. Miguel Bermudez and Robert T. Kennedy were named as defendants in only *Zagaja II*.

discrimination and retaliation claims based on the Deputy Chief and Assistant Chief of Police positions, for the reasons explained in *Zagaja I*; (3) all official-capacity claims against Bermudez; and (4) all individual and official capacity claims against Andrew Hardwick and Robert T. Kennedy.[5] (No. 15-cv-1017, ECF No. 29.) The Court allowed plaintiff's gender discrimination and retaliation claims against the Village and Bermudez, in his individual capacity, to proceed to summary judgment. (*Id.*) In the September 28 ruling, the Court granted summary judgment to the Village and Bermudez on plaintiff's remaining discrimination claims, but denied summary judgment on the retaliation-based claims. (No. 15-cv-1017, ECF No. 60.)

B. <u>Legal Standard</u>

The standard for summary judgment is well settled. Under Federal Rule of Civil Procedure 56(a), a court may only grant a motion for summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of showing that he or she is entitled to summary judgment. *Huminski v. Corsones*, 396 F.3d 53, 69 (2d Cir. 2005). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party,

---

[5] Hardwick remains a defendant in *Zagaja I*. Because Kennedy was named as a defendant in only *Zagaja II*, there are no remaining claims against him.

and to eschew credibility assessments." *Amnesty Am. v. Town of West Hartford*, 361 F.3d 113, 122 (2d Cir. 2004) (quoting *Weyant v. Okst*, 101 F.3d 845, 854 (2d Cir. 1996)); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (summary judgment unwarranted if "evidence is such that a reasonable jury could return a verdict for the nonmoving party").

Once the moving party has met its burden, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with specific facts showing that there is a *genuine issue for trial.*" *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (emphasis in original)). As the Supreme Court stated in *Anderson*, "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." 477 U.S. at 249-50 (citations omitted). Indeed, "the mere existence of *some* alleged factual dispute between the parties" alone will not defeat a properly supported motion for summary judgment. *Id.* at 247-48 (emphasis in original). The nonmoving party may not rest upon mere conclusory allegations or denials but must set forth "concrete particulars" showing that a trial is needed. *R.G. Grp., Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 77 (2d Cir. 1984) (quoting *SEC v. Research Automation Corp.*, 585 F.2d 31, 33 (2d Cir. 1978)). Thus, it is insufficient for a party opposing summary judgment "merely to assert a conclusion without supplying supporting arguments or facts." *BellSouth Telecomms., Inc. v. W.R. Grace & Co.*, 77 F.3d 603, 615 (2d Cir. 1996) (quoting *Research Automation Corp.*, 585 F.2d at 33).

C. Discussion

As noted earlier, the Village and Bermudez moved for summary judgment on the remaining gender discrimination and retaliation-based claims in *Zagaja II*, which, to the extent they were not redundant of the claims in *Zagaja I*, were based on defendants' alleged failure to pay plaintiff

4

overtime and to provide her with an "exit package." Defendants asserted that there is no evidence that plaintiff's overtime totals during the relevant time period materially diverged from those of her similarly situated male peers or that she was denied an "exit package." (No. 15-cv-1017, ECF No. 48 at 5, 9-18.) Defendants argued that, to the contrary, the evidence showed that plaintiff received more overtime than her male counterparts in 2010 and from 2012 until her employment ended,[6] and that plaintiff was permitted to work pursuant to a "pre-arranged exit schedule that she prepared" throughout her final year of employment. (No. 15-cv-1017, ECF No. 54 at 4-5.)

Plaintiff argued that she was assigned less *discretionary* overtime than her male counterparts from 2009 to 2012, and that defendants erroneously focused on only her *contractual* overtime hours. Plaintiff conceded that, from 2013 to 2015, she was assigned more discretionary overtime than her male counterparts but argued that that "was a result of remediation by Defendants that occurred only after she filed her charge of discrimination and retaliation with the EEOC." (No. 15-cv-1017, ECF No. 49 at 8.) She further argued that similarly situated male employees were paid "'exit package' compensation," and she was not. (*Id.* at 15.)

As explained in the September 28 ruling, the Court agrees with defendants that plaintiff failed to establish a prima facie case of discrimination based on either defendants' alleged failure to pay plaintiff overtime or to offer her an "exit package." In particular, as already noted, plaintiff conceded that, from 2013 to 2015, she was assigned more discretionary overtime than her male counterparts, and any discrimination claim based on defendants' failure to assign plaintiff overtime before 2013 would be time-barred. Thus, plaintiff cannot establish a discrimination claim based

---

[6] Defendants acknowledged that plaintiff received 37 hours less than the average received by her male peers in 2011 (No. 15-cv-1017, ECF No. 48 at 12, 15), but argued that that was "muted by the fact that in the years that include her protected activity through her last full year of employment (including 2011)," plaintiff received "more hours in overtime than any male Lieutenant who held that rank for all 6 of those years" (*id.* at 21-22).

5

on her overtime assignments. As for plaintiff's "exit package" claim, it is undisputed that plaintiff worked during her last year of employment pursuant to a pre-arranged "exit schedule" that allowed her, *inter alia*, to work a total of less than two weeks and to still earn nearly $150,000 in gross pay. Although plaintiff contests other, more minor aspects of her treatment as compared to her male counterparts who were also exiting the department during this period (such as a denial in 2015 of her request to switch into a holiday schedule), those allegations are not sufficiently significant to rise to the level of an adverse employment action for a discrimination claim. *See, e.g., Lawson v. Homenuk*, 710 F. App'x 460, 463 (2d Cir. 2017); *Brown v. City of Syracuse*, 673 F.3d 141, 150 (2d Cir. 2012). Thus, summary judgment in defendants' favor is warranted on plaintiff's *Zagaja II* discrimination claims.

However, in the context of a retaliation claim, "the alleged acts of retaliation need to be considered both separately and in the aggregate, as even minor acts of retaliation can be sufficiently 'substantial in gross' as to be actionable." *Hicks v. Baines*, 593 F.3d 159, 165 (2d Cir. 2010). Similarly, a retaliatory hostile work environment is established by "showing incidents of harassment following complaints [that] were sufficiently continuous and concerted to have altered the conditions of [the plaintiff's] employment." *Villar v. City of New York*, 135 F. Supp. 3d 105, 137 (S.D.N.Y. 2015). Thus, to prove retaliation or a retaliatory hostile work environment, a plaintiff need not show that any single act alone constituted an adverse employment action.

Here, as explained in the September 28 ruling, although plaintiff has not established that defendants' alleged failures to allocate plaintiff overtime or to provide her with an "exit package" constituted adverse employment actions for purposes of her discrimination claims, plaintiff may rely on evidence relating to overtime and her "exit package" to establish her retaliation-based claims at trial in this now-consolidated action. In particular, plaintiff may rely on evidence that

she was allocated less overtime before 2013, at a minimum, to establish that a retaliatory hostile work environment existed under the continuing violation doctrine. Similarly, plaintiff may rely on evidence such as defendants' denial of her request to switch to a holiday schedule in 2015 to establish her retaliation-based claims. In short, plaintiff may argue at trial that defendants' actions relating to her overtime assignments and her "exit package" were part of a pattern of retaliation that began as alleged in *Zagaja I* and continued until the end of her employment.[7]

D. Conclusion

For the reasons stated above, during the September 28 ruling, and in the Court's other rulings in *Zagaja I* and *Zagaja II*, summary judgment is warranted on plaintiff's discrimination claims in *Zagaja II*. Plaintiff's retaliation-based claims, as limited by the Court's rulings, and her discrimination claim based on defendants' failure to promote her to Chief of Police remain for trial in this consolidated action.

SO ORDERED.

JOSEPH F. BIANCO
UNITED STATES CIRCUIT JUDGE
(SITTING BY DESIGNATION)

Dated: July 19, 2019
Central Islip, New York

---

[7] In opposition to summary judgment, plaintiff argued that she also suffered an adverse employment action when defendants failed to promote her to Administrative Lieutenant. In the complaint, plaintiff did not allege that failure to promote as a discrete act giving rise to a discrimination claim and the Court does not find that it would support a claim for discrimination. However, as noted during the September 28 ruling, plaintiff may rely on evidence relating to that failure to promote to support her retaliation-based claims.

7