UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

For Online Publication Only

---------------------------------------------------------------X
DEBBIE ZAGAJA,

              Plaintiff,

        -against-

VILLAGE OF FREEPORT and ANDREW
HARDWICK as both Mayor and in his
Individual Capacity,

             Defendants.
---------------------------------------------------------------X
DEBBIE ZAGAJA,

              Plaintiff,

        -against-

VILLAGE OF FREEPORT, MIGUEL
BERMUDEZ, As both Chief of Police and in his
Individual Capacity, ANDREW HARDWICK
and ROBERT T. KENNEDY as both Mayors
and in their Individual Capacities,

             Defendants.
---------------------------------------------------------------X

**ORDER**
10-CV-3660 (JMA) (SIL)

15-CV-1017 (JMA) (SIL)

**AZRACK, United States District Judge:**

      The Court issues the following rulings on the defendants' motions in limine. (ECF Nos. 157, 161.) The specific requests not addressed herein will be addressed on the record at the December 17, 2019 pretrial conference.

**Motions in Limine by the Village and Defendant Bermudez**

      With respect to the Village and Bermudez's First Motion in Limine to preclude lay opinion testimony, it is clear based on the Second Circuit's decision in Barrella, that there can be no lay opinion testimony speculating as to Hardwick's motives for various personnel decisions. However, it is possible that some lay opinion testimony on other subjects could be appropriate if

based on a witness's first-hand knowledge or observation. Accordingly, the Court issues the following rulings with respect to the identified witnesses:

- Alfred Gros: The specific lines of questioning that Judge Wexler precluded at the second Barrella trial (as identified by in the motion in limine) are precluded.

- John Maguire: Neither plaintiff nor defendants identify specific lay opinion testimony Maguire may offer in this case. In accordance with Barrella, he may not speculate as to Hardwick's motives for personnel decisions.

- Shawn Randall: The specific testimony identified by the Village and Bermudez in their first motion in limine is precluded.

- Anthony Miller: Neither plaintiff nor defendants identify specific lay opinion testimony Miller may offer in this case. In accordance with Barrella, he may not speculate as to Hardwick's motives for personnel decisions.

- Michael Woodward: The portions of Woodward's deposition testimony cited by the Village and Bermudez constitutes the type of inadmissible lay opinion testimony as to Hardwick's reasons without indicating that Woodward had firsthand knowledge of Hardwick's thinking. Accordingly, plaintiff is precluded from offering this excerpt at trial.

- The Court will address the Ray Horton evidence at the pretrial conference.

The Court grants the Village and Bermudez's Second Motion in Limine to preclude witness affidavits. Of course, that does not preclude any statements from being used as impeachment evidence, to rebut a recent fabrication charge, or as rehabilitation evidence, as necessary.

The Court denies the Village and Bermudez's Third Motion in Limine to preclude the introduction of evidence related to "canvassing" and the litigation between the Village and the Nassau County Civil Service Commission. The factual circumstances here are different than those in Barrella, such that these pieces of evidence are relevant and admissible at this trial. Accordingly,

the Court will permit plaintiff to present evidence on these points. However, any relevant evidence must be introduced with the proper foundation and the defendants may make any relevant hearsay objections at trial. Furthermore, plaintiff is again cautioned against introducing lay opinion testimony about the reasons certain actions were taken, or the content of certain documents, by witnesses without direct first-hand knowledge.

The Court denies the Village and Bermudez's Fourth Motion in Limine to preclude evidence as to formerly proposed and never adopted legislation for the same reasons as the Third Motion in Limine.

The Court grants the Village and Bermudez's Fifth Motion in Limine to preclude evidence in support of a national origin discrimination claim.

The Court grants in part and reserves judgment in part on the Village and Bermudez's Seventh Motion in Limine to preclude evidence as to claims that have already been dismissed. Specifically, the Court makes the following rulings:

- Plaintiff is precluded from presenting evidence that the Village denied her request for a female supervisors' locker room.

- Regarding any evidence connected to plaintiff's dismissed hostile work environment claim, the Village has not identified any specific evidence it seeks to preclude, and the limited evidence of this claim referenced in Judge Bianco's November 20, 2012 decision appears to be directly connected to plaintiff's retaliation claims, so is not precluded at this time.

- With respect to the Deputy Chief and Assistant Chief positions, some of those facts seem to be inextricably intertwined with the claims proceeding to trial. However, it is not clear to the Court exactly what plaintiff seeks to present regarding these positions. Accordingly, plaintiff is directed to provide an offer of proof by January 3, 2020 identifying the evidence she seeks to offer about these positions and what arguments she seeks to make from that evidence.

The Court grants the Village and Bermudez's Eighth Motion in Limine to preclude the introduction of deposition testimony from available witnesses. Of course, that does not preclude any statements from being used as impeachment, to rebut a recent fabrication charge, or as rehabilitation evidence, as necessary.

The Court grants the Village and Bermudez's Ninth Motion in Limine to preclude evidence as to an individual's post-appointment performance.

The Court grants the Village and Bermudez's Tenth Motion in Limine to preclude the introduction of the specifically-identified evidence.

With respect to the Village and Bermudez's Thirteenth Motion in Limine to preclude plaintiff from introducing her pleadings into evidence, plaintiff may introduce the fact that she filed a Complaint in this action that alleged discrimination and retaliation on the basis of race and gender, to support her retaliation claim. However, plaintiff may not introduce the physical Complaint document, nor may she offer any evidence regarding any facts or claims that are precluded from this trial. The parties are directed to work together to come up with a stipulation regarding plaintiff's Complaint and the relevant facts and claims therein in accordance with this ruling.

Finally, the Court will bifurcate the damages portion of the trial. Accordingly, the Court reserves judgments on the Village and Bermudez's Twelfth, Fourteenth, Fifteenth, and Sixteenth Motions in Limine. Plaintiff may not present evidence regarding her alleged shoulder injury in the liability phase of this case.

**<u>Motions in Limine by the Defendant Hardwick</u>**

The Court grants Hardwick's First Motion in Limine. The Court will not conduct a mini-trial on all of Hardwick's employment recommendations, particularly as those outside the Police Department are not similarly situated in all material respects to plaintiff.

The Court grants Hardwick's Third Motion in Limine.

The Court denies Hardwick's Fourth Motion in Limine.

The Court grants Hardwick's Fifth Motion in Limine.

The Court denies Hardwick's Sixth Motion in Limine.

Plaintiff has indicated she does not intend to present the evidence identified in Hardwick's Seventh Motion in Limine.

The Court grants Hardwick's Eighth Motion in Limine.

The Court denies Hardwick's Ninth Motion in Limine.

The Court denies Hardwick's Tenth Motion in Limine.

The Court grants Hardwick's Twelfth Motion in Limine.

**SO ORDERED**

Dated:  December 17, 2019
       Central Islip, New York

                                                            /s/ (JMA)
                                                        Joan M. Azrack
                                                        United States District Judge